UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

TOBY EARL JOHNSON,

    Petitioner,

v.

Commissioner JOAN FABIAN – MN DOC,

    Respondent.

Civil No. 07-4214 (ADM/JJG)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that this action be summarily dismissed with prejudice, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

**I. BACKGROUND**

In 1999, Petitioner was indicted on various murder charges in the state district court for McLeod County, Minnesota. He later entered a guilty plea in the matter, and on May 26, 2000, he was sentenced to life in prison, with a possibility of parole after 30 years. (Petition, [Docket No. 1], p. (2), ¶s 1-4.) Petitioner is currently serving his sentence at the Minnesota Correctional Facility at Rush City, Minnesota.

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Petitioner did not file a direct appeal following his conviction and sentence, but on May 2, 2001, he filed a post-conviction motion in the trial court. Johnson v. State, 641 N.W.2d 912, 916 (2002). Petitioner's post-conviction motion challenged the validity of his guilty plea, "on the grounds that he was denied effective assistance of counsel and that the plea agreement was illegal for a number of reasons, including that it violated separation of powers." Id. The trial court denied the post-conviction motion, and Petitioner appealed. On April 18, 2002, the Minnesota Supreme Court upheld the trial court's ruling on Petitioner's post-conviction motion, and affirmed his conviction and sentence. Id.[2]

There is nothing in the record which suggests that Petitioner has sought any further judicial review of his 2000 conviction and sentence at any time, or in any manner, since the Minnesota Supreme Court ruled on his post-conviction motion in April 2002.

Petitioner's current federal habeas corpus petition was filed on October 11, 2007. The petition lists five grounds for relief, which Petitioner has identified as follows:

(1) "Does the plea violate the seperation [sic] of powers creating a manifest injustice?"

(2) "Unfulfilled promises in plea agreement."

(3) "Did the facts exist from which my guilt of crimes charged could be reasonably inferred?"

(4) "Equity and fairness in sentencing."

---

[2] Under Minnesota law, appeals in first degree murder cases are taken directly to the State Supreme Court, rather than the Minnesota Court of Appeals. Minn.Stat. § 632.14.

(5) "Denial of effective assistance of counsel."

(Petition, pp. (5),(6),(8) and (9), ¶ 12.)

None of Petitioner's claims can be addressed on the merits, however, because this action is time-barred by the one-year statute of limitations set forth at 28 U.S.C. § 2244(d).

## II. DISCUSSION

On April 24, 1996, President Clinton signed the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), which effected significant changes in the federal habeas corpus statutes. One of those changes appears at 28 U.S.C. § 2244(d), which establishes a one-year statute of limitations for habeas corpus petitions filed by state prisoners seeking federal court review of a conviction or sentence. This statute provides that:

> "**(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In this case, there is nothing on the face of the petition which suggests that clauses (B),

3

(C) or (D) of § 2244(d)(1) could be applicable. In other words, there is no indication that the State created any impediment that prevented Petitioner from seeking federal habeas relief within the prescribed one-year limitation period; nor is there any indication that Petitioner's claims are based on any newly-recognized and retroactively-applicable constitutional right, or any new evidence that only recently became discoverable. Thus, the one-year statute of limitations began to run in this case, pursuant to § 2244(d)(1)(A), when Petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review."

Petitioner is challenging a judgment of conviction and sentence entered on May 26, 2000. (Petition, [Docket No. 1], p. (2), ¶ 2.) Because Petitioner did not pursue a direct appeal, the judgment became final, for statute of limitations purposes, upon "the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to the Minnesota Rules of Criminal Procedure, "[a]n appeal by a defendant shall be taken within 90 days after final judgment or entry of the order appealed from in felony and gross misdemeanor cases...." Rule 28.02, subd. 4(3). Thus, the deadline for seeking direct appellate review of Petitioner's conviction and sentence was August 24, 2000, (90 days after judgment was entered), and that is the date when the one-year federal habeas statute of limitations began to run in this case.

The statute of limitations ran from August 24, 2000, until May 2, 2001, when the statute was tolled, pursuant to § 2244(d)(2), by the filing of Petitioner's state post-conviction motion. By the Court's calculation, the statute of limitations was running for a total of 250 days between August 24, 2000, and the tolling date of May 2, 2001.

After Petitioner filed his state post-conviction motion, the statute of limitations remained

4

tolled during the entire time that the post-conviction proceedings were pending in the state courts, including the Minnesota Supreme Court. Mills v. Norris, 187 F.3d 881, 883-84 (8th Cir. 1999). However, the tolling period ended, and the statute of limitations began to run again, when the Minnesota Supreme Court handed down its final decision in the post-conviction proceedings on April 18, 2002. See Snow v. Ault, 238 F.3d 1033, 1035-36 (8th Cir.) (§ 2244(d)(2) tolling period ends upon completion of state post-conviction proceedings in the highest state appellate court), cert. denied, 532 U.S. 998 (2001); Lawrence v. Florida, 127 S.Ct. 1079, 1086 (2007) (same).

After the § 2244(d)(2) tolling period ended on April 18, 2002, the one-year federal statute of limitations ran without further interruption, until October 9, 2007, when Petitioner's current habeas corpus petition is deemed to have been filed.[3] Thus, the statute of limitations was running in this case for 250 days before Petitioner's state post-conviction motion was filed, plus nearly five and a half years, (April 2002 to October 2007), after the state post-conviction proceedings were completed. It is therefore evident that, even with the benefit of the tolling prescribed by § 2244(d)(2), the current petition was filed more than six years too late.

The Court has considered whether the doctrine of "equitable tolling" could save this

---

[3] Although the Clerk's Office did not actually receive and file the present petition until October 11, 2007, the petition will be deemed to have been filed when it was dated, (and presumably delivered to prison authorities for mailing), which was October 9, 2007. (See Rule 3.(d) of the Rules Governing Section 2254 Cases In The United States District Courts; see also Nichols v. Bowersox, 172 F.3d 1068, 1077 (8th Cir. 1999) (habeas petition is deemed to be filed, and the statute of limitations stops running, as of the date when a prisoner gives his petition to prison officials for mailing).)

action from being time-barred. See Baker v. Norris, 321 F.3d 769, 771 (8th Cir.) ("the one year AEDPA time limit... may be equitably tolled"). The Court of Appeals has made it very clear, however, that such tolling is available only "when extraordinary circumstances beyond a prisoner's control make it impossible to file a [habeas corpus] petition on time... [or] when conduct of the defendant has lulled the plaintiff into inaction." Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001) (emphasis added). "'[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.'" Id. at 806, (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (emphasis added). Equitable tolling cannot be based on such commonplace and non-external excuses as prisoner ignorance or inadequate legal assistance. Kruetzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000), cert. denied, 534 U.S. 863 (2001). Instead, the petitioner must show that some specific and truly extraordinary event, of a wholly external nature, made it impossible for him to meet the statute of limitations deadline.

In this case, Petitioner has not requested equitable tolling, and there is nothing in any of his submissions which suggests that he could possibly be eligible for equitable tolling. It appears that in this case, as in Baker, Petitioner simply was not "diligent in acting to protect [his] right to federal habeas review of [his] conviction." 321 F.3d at 772. Thus, the Court finds that the tardiness of this action cannot be excused based on equitable tolling.

### III. CONCLUSION

In sum, this action is plainly barred by the one-year statute of limitations imposed by 28 U.S.C. § 2244(d). The Court will therefore recommend that this action be summarily

dismissed pursuant to Rule 4 of the Governing Rules. The action must be dismissed with prejudice, because Petitioner is no longer eligible for habeas corpus relief in federal court. Finally, because this action is time-barred, the Court will recommend that Petitioner's application for leave to proceed in forma pauperis, (Docket No. 2), be summarily denied. See 28 U.S.C. § 1915(e)(2)(B)(ii); Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

## IV.  RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be DENIED;

2. Petitioner's application for leave to proceed in forma pauperis, (Docket No. 2), be DENIED;  and

3. This action be DISMISSED WITH PREJUDICE.


Dated:  October 26, 2007

  s/ Jeanne J. Graham
JEANNE J. GRAHAM
United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **November 8, 2007**. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit. Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.