**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Toby Earl Johnson,

          Petitioner,

                                        **MEMORANDUM OPINION**
v.                               **AND ORDER**
                                        Civil No. 07-4214 ADM/JJG

Commissioner Joan Fabian,
Minnesota Department of Corrections,

          Respondent.

_____

Toby Earl Johnson, *pro se*.

_____

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on

Petitioner Toby Earl Johnson's ("Petitioner") Objections [Docket No. 4] to Magistrate Judge

Jeanne J. Graham's Report and Recommendation ("R&R") [Docket No. 3] of October 26, 2007.

The R&R recommends that Petitioner's Petition for Writ of Habeas Corpus ("Petition") [Docket

No. 1] be denied as barred by the statute of limitations.  For the reasons set forth below, the R&R

is adopted.  The procedural and factual background, described in the R&R, is incorporated by

reference for review of Petitioner's present Objections.

## II.  DISCUSSION

In reviewing an R&R, the district court "shall make a de novo determination of those

portions of the report or specified proposed findings or recommendations to which objection is

made."  28 U.S.C. § 636(b)(1)(C); see also D. Minn. LR 72.2(b).  A district judge "may accept,

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

judge."  Id.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year statute of limitations on applications for a writ of habeas corpus by state prisoners.  28 U.S.C. § 2241(d)(1).  The one-year statute of limitations begins to run on the latest of four alternative dates, two of which are relevant in this case.  Under § 2241(d)(1)(A), the statute of limitations begins to run on "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review."  Under § 2241(d)(1)(D), the statute of limitations begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

**A.      § 2241(d)(1)(D)**

In the R&R, Judge Graham stated that there was nothing "on the face of the petition which suggests that clause[] . . . D of § 2241(d)(1) could be applicable."  R&R at 3-4.  Petitioner appears to object to this determination stating in his Objections to the R&R, that the basis for his Petition is newly discovered evidence.

Petitioner pled guilty to aiding and assisting first- and second-degree intentional murder.  Plea (Objections Attach.) at 1-2.  Pursuant to the agreement, Petitioner agreed to provide useful and verifiable information identifying the person who directed the murder for which he was charged.  Id. at 2.  In exchange, the state agreed to use its discretion to dismiss the first-degree murder charge allowing Petitioner to be sentenced on the lesser second-degree murder charge.  Id.  The state represented that if Petitioner failed to provide any information or information that the state could not verify, Petitioner would be sentenced for first-degree murder.  Id.

Petitioner contends that contrary to the state's request, he refused to testify that Salem Bernhardt ("Bernhardt") was guilty.  According to Petitioner, because he refused to testify

against Bernhardt, he was deemed to have failed to cooperate with the plea agreement.

Bernhardt was found guilty but his conviction was subsequently overturned by the Minnesota

Supreme Court.  Bernhardt v. State, 604 N.W.2d 465 (Minn. 2004).  Petitioner asserts that the

Minnesota Supreme Court's decision to overturn Bernhardt's conviction demonstrates that

Petitioner truthfully cooperated when he refused to testify against Bernhardt and constitutes new

evidence entitling him to relief.

Even if the Minnesota Supreme Court's decision to overturn Bernhardt's conviction

could be construed as new evidence, the court issued its decision on August 5, 2004.  If the

statute of limitations began on that date, Petitioner had until August 5, 2005, to file a timely

petition.  Petitioner, however, did not file his Petition until October 9, 2007, more than three

years after the Minnesota Supreme Court reversed Bernhardt's conviction.  Accordingly, even if

§ 2241(d)(1)(D) applied, Petitioner's application would be untimely.

**B.       § 2241(d)(1)(A)**

Petitioner does not object to Judge Graham's conclusion that his Petition is untimely

under § 2241(d)(1)(A), rather he objects to Judge Graham's conclusion that the doctrine of

equitable tolling does not save his Petition from being time-barred.  Petitioner asserts in his

Objections that he is eligible for equitable tolling because he is not an attorney and relied on the

false advice of his attorney, who he contends advised him that there were no time limits for

bringing his Petition.  Petitioner also asserts that he is entitled to equitable tolling because the

merits of his appeal have never been addressed.

Section 2244(d) is subject to the doctrine of equitable tolling.  Jihad v. Hvass, 267 F.3d

803, 805 (8th Cir. 2001).  However, the Eighth Circuit has explained that "[e]quitable tolling is

3

proper only when extraordinary circumstances beyond a prisoner's control make it impossible to

file a petition on time." Id. (quoting Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2001)).

The Eighth Circuit has specifically stated that ineffective assistance of counsel does not

constitute an "extraordinary circumstance beyond a prisoner's control" entitling a petitioner to

equitable tolling. Baker v. Norris, 321 F.3d 769, 771 (8th Cir. 2003). Accordingly, that

Petitioner was not an attorney and had allegedly ineffective assistance of counsel does not entitle

him to equitable tolling. Similarly, any failure to address his arguments on the merits does not

entitle him to equitable tolling. A failure to reach the merits does not amount to an extraordinary

circumstance beyond a petitioner's control that made it impossible to timely file a petition.

### III.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that:

1.      The R&R [Docket No. 3] is **ADOPTED**;

2.      Petitioner's Objections [Docket No. 4] are **OVERRULED**;

3.      Petitioner's Petition for Writ of Habeas Corpus [Docket No. 1] is **DENIED**;

4.      Petitioner's Motion for Leave to Proceed In Forma Pauperis [Docket No. 2] is

   **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

                                        BY THE COURT:


                                        _____s/Ann D. Montgomery_____
                                        ANN D. MONTGOMERY
                                        U.S. DISTRICT JUDGE

Dated:  January 18, 2008.